BERTHA SNYDACKER *et al.*

*v.*

THE VILLAGE OF WEST HAMMOND.

*Opinion filed December 22, 1906—Rehearing denied Feb. 8, 1907.*

1. SPECIAL ASSESSMENTS—*when ordinance is not unreasonable.* An ordinance providing for the construction of a sewage pumping station and system of sewers in a sparsely settled village will not be held to be unreasonable even though the assessment is very large in proportion to the value of the property assessed, where it appears that the low value of the property is due mainly to lack of drainage and sewage facilities and it is not denied that the property will be benefited to the extent assessed.

2. SAME—*what is essential to assessment for sewer where property is not on line of sewer.* If property not on the line of the proposed sewer and not afforded immediate connection therewith is to be assessed for constructing the sewer, a drainage district must be created and provision be made securing to such property the privilege of draining into the sewer in future development of the system.

3. SAME—*what does not preclude second sewer assessment.* Including in a drainage district lots not on the line of the proposed sewer and assessing such lots a small amount as benefits for the privilege of draining into the sewer in the future, does not preclude the inclusion of such lots in another district and the assessing of them for the construction of a sewer to connect with the one previously constructed.

4. SAME—*what may be assessed as costs of levying assessment does not depend upon amount estimated.* The amount which property owners will have to pay as costs in a special assessment proceeding depends upon the legitimate items of cost after they have been ascertained and not upon the amount estimated, and hence, upon application for confirmation, if the amount estimated as the cost of levying and collecting the assessment does not exceed the six per cent allowed by the statute, it is not error to refuse to permit inquiry as to what items were included in such estimate.

5. SAME—*when objectors cannot show that property is arbitrarily omitted.* Objectors to an assessment for the construction of a sewer cannot show that other property will be benefited by the improvement but has been arbitrarily omitted, where they fail to show that such property has any connection with the sewer or any privilege of connection.

6. SAME—*right of village to construct pumping station, by special assessment, on its own lots.* An ordinance for the construction of a sewage pumping station and a system of sewers, which does not provide for the acquiring of the lots for the site of the pumping station by private purchase but only that such station shall be built upon lots already owned by it, is not illegal, even though, had the lots not been already purchased, they would have had to be acquired by condemnation and special assessment of the property benefited.

APPEAL from the Circuit Court of Cook county; the Hon. L. C. RUTH, Judge, presiding.

LACKNER, BUTZ & MILLER, for appellants.

SAMUEL K. MARKMAN, (ALBERT MARTIN, of counsel,) for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

On the application of appellee for the confirmation of a special assessment to pay for a pumping station and system of sewers, the circuit court of Cook county overruled objections of appellants which were of a nature to be heard and decided by the court, and the question of benefits was then submitted to a jury. The verdict was in favor of appellee, whereupon the court entered a judgment confirming the assessment, and this appeal followed.

The errors assigned relate to the objections heard and determined by the court, and no error is assigned on the finding of the jury that the property of appellants was not assessed more or less than it will be benefited or more or less than its proportionate share of the cost of the improvement.

The first objection is, that the ordinance is unreasonable and therefore void. It provides for the construction of a sewage pumping station on certain lots owned by appellee, with a system of main sewers and lateral sewers in certain streets, and creates a drainage district comprising about one-

third of the area of the village. The estimated cost of the improvement is $123,774, and the assessments range from $12.50 up to $54.75 on each lot. The lots which abut upon the proposed sewer are assessed $54.75 each, and the large majority of the lots which are off the lines of the sewers are assessed $12.50 each. The village contains about 4500 inhabitants and is but sparsely settled. A great many of the lots are vacant and unimproved, and the scattered buildings are mostly small frame cottages occupied by unskilled laborers. There is but one street which is paved or has sidewalks and the footwalks on other streets are cinder paths. Most of the lots are of small value and the cost of the improvement in proportion to such value is very great, but one apparent reason for the small value of the property is the want of drainage and the low, wet nature of the region. The land is practically level, and in the spring and fall the surface water overflows the streets, washes away the cinder paths and tears out culverts, so that it costs the village from $1600 to $2000 a year to open ditches and restore culverts. There are sloughs and low places where the land is covered with water the year round and open ditches afford the only drainage. If we should determine the question merely by contrasting the great cost of the improvement with the character of the village and the value of the lots we would be inclined to hold the ordinance unreasonable and oppressive, but we are satisfied from the evidence that the value of the property is largely due to the want of drainage, and it is not denied that the improvement will benefit the property to the extent of the assessment, and these facts should be taken into consideration. In view of all the circumstances we cannot say that the discretion vested in the village authorities was abused in providing for this system to improve the existing conditions.

A second ground on which the ordinance is claimed to be unreasonable and void is, that it includes in the drainage district a portion of the property of the appellants which

was previously included in a drainage district for the construction of a sewer in Lincoln avenue, and which was specially assessed for the privilege of draining into that sewer. Certain lots assessed in this proceeding were formerly assessed small amounts, of $5.86 each, for the construction of a large sewer in Lincoln avenue. If property not on the line of a sewer and not afforded immediate connection with it is to be assessed, a district must be created and provision made which will secure to such property the privilege of draining into the sewer in the development of the system of sewers for the municipality. These lots were so assessed, and now a new system of sewers is created to connect with and drain into the Lincoln avenue sewer to carry the water from the district. This is nothing but carrying out the provisions of the prior ordinance securing the right, in the future, to have the benefit of the main sewer on Lincoln avenue, which empties into the Grand Calumet river. It was found to be of some benefit to the lots to bring them nearer to drainage by the construction of the first sewer, and in determining the amount of subsequent assessments the amount already assessed should be taken into account for the purpose of equalizing assessments between different lots. It is not an objection, however, to the assessment to pay for constructing the connecting sewer that the privilege of connecting has already been the subject of a special assessment against the property.

Appellants also assign as error rulings of the court on the admission of evidence. They asked the president of the board of local improvements what he included in the sum of $7000 estimated to be the cost of levying and collecting the assessment, and whether he did not include illegal items, and objections to the questions were sustained. The amount estimated for the cost of making and collecting the assessment was within the six per cent allowed by the statute, and the amount which appellants would be required to pay would not depend upon the amount estimated, but on the legitimate

items of cost. An estimate is only made, for the purpose of the assessment, before the actual cost is ascertained, and there was no error in the ruling.

Appellants also attempted to prove that other property in the village would be benefited by the construction of the improvement which they say was arbitrarily omitted from the district, and they were not permitted to do so. Appellants did not prove or offer to prove that the property had, or ever would have, any connection with the sewers or any right to drain into them, and if there is neither connection nor right to make a connection the lots could not be assessed, and they were not entitled to prove that such lots were omitted.

The ordinance provides that the pumping station shall be located on certain lots, and it was proved that those lots, with others, had been purchased by the village and it had received a conveyance of the same on November 10, 1905. Appellants do not contend that appellee did not own the lots, but they say that, inasmuch as property can only be acquired for a pumping station by condemnation and special assessment upon the property benefited, the title to these lots was not legally acquired. Where the method by which property shall be obtained by a village has been prescribed by the legislature that method is exclusive, and where the law provides for acquiring property by condemnation a village cannot acquire it by private purchase, which would lead to favoritism, corruption, private bargain and the exercise of improper influence. (*Village of Hyde Park* v. *Spencer,* 118 Ill. 446; *City of Chicago* v. *Hayward,* 176 id. 130.) In this case the deed to the appellee divested the grantor of his estate and vested it in appellee, and no one has questioned the legality of the purchase by any proceeding against appellee. The ordinance is not defective or illegal in providing for the acquisition of lots for the pumping station by purchase, but it merely provides for locating the station on property already owned by appellee, which is beneficial to appellants.

The property has already been paid for by the village, when if it were necessary to obtain it by condemnation and special assessment the cost of the improvement would be increased. It is not proposed to obtain property by an illegal method, and appellants will be benefited, rather than injured, by devoting the property to the uses of the drainage district.

The judgment is affirmed.     *Judgment affirmed.*