THE PEOPLE *ex rel.* Charles W. McCall, County Treasurer, Appellee, *vs.* DAVID L. MARTIN *et al.* Appellants.

*Opinion filed December 22, 1909—Rehearing denied Feb. 4, 1910.*

1. SPECIAL ASSESSMENTS—*when objections to collector's application for sale are limited to jurisdictional ones.* After judgments confirming a special assessment and approving the acceptance of the improvement by the board of local improvements have been entered, the only objections available to the land owner, upon application by the county collector for judgment and order of sale, are those going to the jurisdiction of the court to enter the judgments of confirmation and approval, and such lack of jurisdiction must appear upon the face of the record itself.

2. SAME—*what recital in a sewer ordinance does not render it void.* The fact that one section of a sewer ordinance recites that "all property that may be damaged by the construction of the proposed sewer system has been paid for by the city," there being no

description of such property in the ordinance nor any reference to the manner in which the city acquired it, does not justify holding the ordinance void, on the presumption that the city acquired the property in some illegal manner.

3. SAME—*judgment of approval under section 84 is conclusive.* Under section 84 of the Local Improvement act the certificate of the board of local improvements that the improvement has been completed in compliance with the ordinance and accepted is *prima facie* evidence of the truth of its recitals, and while such presumption may be rebutted upon the hearing, yet if a judgment of approval is entered it is conclusive upon the parties, and no appeal or writ of error to reverse the judgment is allowed.

4. SAME—*section 84 of the Local Improvement act is constitutional.* Section 84 of the Local Improvement act, relating to the power of the county court to approve the acceptance of an improvement by the board of local improvements, is constitutional. (*People* v. *Cohen,* 219 Ill. 200, adhered to.)

APPEAL from the County Court of Whiteside county; the Hon. H. C. WARD, Judge, presiding.

JARVIS DINSMOOR, and FRANK J. BOWMAN, for appellants.

J. J. LUDENS, State's Attorney, and STAGER & STAGER, for appellee.

Mr. CHIEF JUSTICE FARMER delivered the opinion of the court:

This is an appeal from a judgment of the county court of Whiteside county against certain lots in the city of Sterling for the first installment of a special assessment levied for the construction of a sewer in said city. Appellants having failed to pay the assessment, appellee, as county treasurer and *ex-officio* collector, applied to the county court for judgment against the property for said assessment and an order of sale. Appellants filed objections to such judgment being entered. Some of the objections were, on motion of the appellee, stricken and a hearing had upon the objections not stricken. Said objections were overruled and

a judgment entered as prayed for by appellee, from which judgment appellants have prosecuted this appeal.

The ruling of the court striking certain of the objections was based upon the theory that the questions sought to be raised by them were only such questions as the objectors should have raised before the judgment of confirmation was entered, May 30, 1907. The objections not stricken and upon which the hearing was had were such as were supposed to raise the question of the jurisdiction of the county court to render the judgment of confirmation, and also of the jurisdiction of the county court to render the judgment of approval, November 25, 1908, upon the certificate of the board of local improvements, that the work had been completed in compliance with the requirements of the ordinance and had been accepted. After the entry of these judgments the only objections appellants could make to the application for judgment by the county collector were such as went to the jurisdiction of the county court to render said judgments, and such lack of jurisdiction must appear upon the face of the record itself. Some of the numerous cases in which this has been so held are *Thompson* v. *People,* 207 Ill. 334; *Young* v. *People,* 171 id. 299; *Walker* v. *People,* 202 id. 34; *Goldstein* v. *Village of Milford,* 214 id. 528; *Steenberg* v. *People,* 164 id. 478. In its final analysis the complaint of appellants rests upon the contention that the ordinance under which the improvement was made and assessment levied was absolutely void.

Section 8 of the Local Improvement act requires that if property is to be taken or damaged for the improvement the ordinance shall describe the same with reasonable certainty. Section 12 of said act is as follows: "Should such an ordinance provide for improvements which require the taking or damaging of property, the proceeding for making just compensation therefor shall be as described in sections 13 to 33 inclusive, in this act." The ordinance here

involved does not describe any property that will be required to be taken or damaged in making the improvement. Section 3 reads: "All property that may be damaged by the construction of the proposed sewer system has been paid for by the city of Sterling." Appellants contend that it thus appears property was required to be damaged in the construction of the work, and as the ordinance contains no description of the property and as the record fails to show the proceedings required by the Local Improvement act to acquire the right to damage property and make just compensation therefor were had, the ordinance was void, and therefore the court was without jurisdiction to confirm the special assessment. It is argued at considerable length that it appears from section 3 of the ordinance that property would be required to be damaged; that the city had no authority to agree upon the just compensation to be allowed therefor; that it could only acquire the right to damage property and ascertain the amount of the just compensation to be paid therefor by condemnation in accordance with sections 13 to 33 of the Local Improvement act.

It will be seen the ordinance recited that the damage to all property that might be damaged by the construction of the improvement had already been paid by the city. By what method such damages were determined or at what time it was done, except that it was prior to the passage of the ordinance, does not appear. Admitting the law to be that cities are restricted to condemnation proceedings in acquiring the right to take or damage property, and that if the city had no authority, at the time the ordinance was adopted, to damage property in the construction of the improvement, it would have been essential to pursue the course defined by the Local Improvement act in order to make the assessment valid, is it required that the ordinance in this case should be held void? If the damage to property affected by the improvement had been determined and paid, are we justified in presuming that the city acted with-

out authority and contrary to law in arriving at a determination of the damages and paying them, and is such presumption conclusive that the acts of the city in that respect were void? If the city had previously acquired the property to be damaged by the improvement it would certainly not be required to acquire it again. It appearing that the city had acquired the right to damage property and had paid for the same, the law will not presume, in this collateral attack, that its acts in acquiring the property were illegal and void, and proof *aliunde* would not be permissible to show the invalidity of the city's acts and want of jurisdiction in the court, for such want of jurisdiction must appear upon the face of the record. While the jurisdiction of courts in special assessment cases is statutory and the same presumptions are not to be indulged in favor of the jurisdiction in such cases as are indulged in favor of the jurisdiction of courts acting within the scope of their general powers, we are of opinion that the ordinance in this case would not justify the presumption that the court had no jurisdiction and that it was sufficient to "challenge the attention of the court" and authorize it to proceed to judgment.

*Snydacker* v. *Village of West Hammond*, 225 Ill. 154, was an appeal from the judgment of confirmation of a special assessment to pay for a pumping station and system of sewers. The ordinance required the pumping station to be erected on certain lots which had been previously purchased by and conveyed to the village. The court said, on pages 158 and 159: "In this case the deed to the appellee divested the grantor of his estate and vested it in appellee, and no one has questioned the legality of the purchase by any proceeding against appellee. The ordinance is not defective or illegal in providing for the acquisition of lots for the pumping station by purchase, but it merely provides for locating the station on property already owned by appellee, which is beneficial to appellants. The property has already

been paid for by the village, when if it were necessary to obtain it by condemnation and special assessment the cost of the improvement would be increased. It is not proposed to obtain property by an illegal method, and appellants will be benefited, rather than injured, by devoting the property to the uses of the drainage district."

In *City of East St. Louis* v. *Davis,* 233 Ill. 553, which was an appeal from the judgment of confirmation of a special assessment, the court said, on page 557: "It is next insisted that the ordinance provides for the construction of a pumping station on land which is not shown to be owned by or in the possession of the city. If the city had acquired the title before the passage of the ordinance it was not illegal to provide for the construction of the pumping station on land which the city already owned.—*Snydacker* v. *Village of West Hammond,* 225 Ill. 154."

We do not deem it necessary to refer to or comment upon the various subdivisions of appellants' point that the judgment of confirmation was void, for that depends upon the validity of the ordinance. Holding, as we do, that the ordinance was not void, then nothing appears upon the face of the record to show that the court was without jurisdiction to render the judgment.

We are also of opinion that the court had jurisdiction, upon the filing of the certificate of the completion and acceptance of the work, as provided in section 84 of the Local Improvement act, to render the judgment of November 25, 1908, approving the same. That judgment recites that the court had jurisdiction and recites such facts as were necessary to justify the court in assuming jurisdiction, and nothing appears on the record to the contrary. Section 84 provides that the certificate of the board of local improvements shall be *prima facie* evidence that the matters and things therein stated are true. Such presumption is subject to be rebutted upon a hearing of objections, but if a judgment of approval is entered it is conclusive

243—19

upon all the parties and no appeal or writ of error to review or reverse the judgment is allowed.

It is contended that section 84 is unconstitutional, although it is admitted that this court decided otherwise in *People* v. *Cohen,* 219 Ill. 200. We could not sustain this contention of appellants without overruling that case, and that we are not inclined to do.

In our opinion the record of the special assessment proceeding is sufficient as against a collateral attack such as is here made upon it, and the judgment of the county court is affirmed.

*Judgment affirmed.*