W. A. MANDA, INCORPORATED, DEFENDANT IN ERROR, v. THE CITY OF ORANGE AND LUDWIG BATT, PLAINTIFFS IN ERROR.

Argued November 24, 1909—Decided February 28, 1910.

The defendants entered upon land of the plaintiff after proceedings in condemnation and payment into court of the amount awarded by the commissioners; subsequently the proceedings were set aside by the Supreme Court for want of jurisdiction. *Held*, that the condemnation proceedings and payment of the award did not justify the entry.

---

On error to the Supreme Court.

For the defendant in error, *William H. Carey* (*Vredenburgh, Wall & Carey*).

For the plaintiffs in error, *William A. Lord*.

The opinion of the court was delivered by

Swayze, J. This is an action of trespass *quare clausum fregit.* It was admitted that Batt entered upon the plaintiffs' property under a contract with the city of Orange, and by its procurement, and laid water pipes for the city therein. The defence was that the city had taken proceedings to condemn the lands, which had gone so far that the value had been ascertained by the commissioners and the amount paid into court. The statute authorizes the petitioner in condemnation proceedings to enter upon the land and take possession upon filing the report of the commissioners and upon payment or tender of payment of the amount awarded, and in case of refusal to accept the amount tendered the money may be paid into court. *Pamph. L.* 1900, *p.* 82, §§ 7, 8. The position of the plaintiff is that the right of entry given by these sections does not justify the entry in this case for the reason that the proceedings to condemn were subsequently set aside by the Supreme Court for want of jurisdiction, to which judgment no writ of error has been taken. The writ of *certiorari* by which the proceedings were removed to the Supreme Court was actually allowed before the entry upon the land, but the judgment of the court setting aside the proceedings was after the entry. The defendant therefore insists that at the time the entry was justified by virtue of the proceedings to condemn. This position is rested upon the theory that the proceedings before the justice of the Supreme Court resulting in the appointment of commissioners and the subsequent proceedings of the commissioners to ascertain the value of the property taken and the damages were judicial proceedings. We do not think it necessary to pass upon that question, for the issue involved in this case is a narrower one, whether, assuming the proceedings to be judicial in their character, they afford any protection to the city which has set them in motion, or to a contractor for the work entering solely under the right of the city. We think that the fact that the proceedings have been declared void for want of jurisdiction deprives them of any efficacy as a protection to the defendants in this case. The question involved

is similar to that which was presented to the Supreme Court in *McFadden* v. *Whitney*, 22 *Vroom* 391, where an attachment had been issued out of the Court for the Trial of Small Causes for an amount beyond the jurisdiction of that court. In a subsequent action against the plaintiff in attachment the court held that the seizure of the plaintiff's goods made under the writ was as much a trespass as though made without any legal authority or process, and that for that act of the defendant's the plaintiff was entitled to damages. The authorities cited in the opinion of Mr. Justice Van Syckel in that case are ample to vindicate the result reached. The cases cited by the present defendants are cases where the action was brought against a magistrate or against a public officer charged with the execution of a writ, and in such cases it has been properly held that where the act was colorably within the authority of the magistrate or the public officers they were protected; but that exemption from liability rests ultimately upon the necessity of the performance of a public duty. The distinction between an officer who is called upon to perform a public duty on the one side and a private individual who sets a proceeding in motion upon the other is well recognized in the cases, and we find no authority to indicate that a municipal corporation proceeding improperly is any more exempt than a private individual would be in a similar case. The reasons for holding a condemning corporation responsible where land is taken are particularly strong since our state constitution provides that private property shall not be taken without just compensation, and the fourteenth amendment to the federal constitution prohibits any state from depriving any person of property without due process of law. The just compensation required by our state constitution can be ascertained by proceedings *in invitum* where the landowner is unwilling to sell, but unless such proceedings are in accordance with the statute they are of no legal effect as an ascertainment of the just compensation required. The right of entry given by the statute is conditioned upon the ascertainment and payment of a compensation in the manner required by the statute, and unless the

statute is complied with the right of entry does not exist. So, too, the due process of law required by the fourteenth amendment necessarily involves a compliance with the process which the state has provided. In the present case it is conclusively settled by the judgment of the Supreme Court, from which no writ of error has been taken, that the proceedings were not in accordance with the statute for the reason that the original petition failed to state the necessary facts to give jurisdiction to the justice of the Supreme Court to appoint commissioners. It is properly conceded on behalf of the city that that judgment cannot be attacked collaterally in this proceeding. No other defence was suggested. It is hardly necessary to cite the authorities which justify holding a municipal corporation liable for active wrong-doing such as the trespass involved in the present case, and the concession that Batt, the co-defendant, entered by the procurement of the city, sufficiently establishes the fact of liability.

We find no error in this record, and the judgment must be affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, REED, TRENCHARD, PARKER, BERGEN, VOORHEES, MINTURN, BOGERT, VREDENBURGH, VROOM, GRAY, DILL, CONGDON, JJ. 16.

*For reversal*—None.