THE VILLAGE OF NORRIS, Appellee, vs. IDA LYON, Appellant.

*Opinion filed October 25, 1911.*

1. EMINENT DOMAIN—*when description of land to be taken for alley is sufficiently specific.* A petition to condemn certain land for an alley sufficiently describes the land to be taken where it describes it by metes and bounds and refers to fixed monuments, such as the "school house lot" and the "McGee lot," which it is to be presumed can be identified by extrinsic evidence.

2. SAME—*when a petition need not describe the tract of land from which the strip is taken.* Where a petition to condemn land for an alley specifically describes the strip of the defendant's land which is to be taken by metes and bounds, it is not necessary for the petition to describe other land of the defendant which may be damaged by the opening of the alley, as it is for the defendant to show that fact if it exists.

3. SAME—*when ordinance sufficiently declares that land taken for alley shall be paid for by general taxation.* An ordinance for the condemnation of land for an alley sufficiently declares that the land shall be paid for by general taxation where it authorizes the village attorney to draw from the treasury the sum required to pay the compensation, damages and costs; nor is this a wrongful authority conferred upon the village attorney nor an appropriation of money in an irregular manner.

4. SAME—*proceedings must be had under Eminent Domain act if the land is to be paid for by general taxation.* If the land to be condemned for an alley is to be paid for by general taxation the proceedings must be under the Eminent Domain act, as the provisions of the Local Improvement act refer only to cases where the improvement is to be paid for, wholly or in part, by special assessment or special taxation.

5. SAME—*when verdict in a condemnation case is sufficient.* A verdict in a condemnation case which is for the value of the land to be taken for an alley is not insufficient because it does not describe the land, where all the land described in the ordinance and petition belonged to the defendant, and it was all to be taken and no other land was to be taken.

APPEAL from the County Court of Fulton county; the Hon. HOBART S. BOYD, Judge, presiding.

JESSE HEYLIN, and HARVEY H. ATHERTON, for appellant.

O. J. BOYER, for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

The village of Norris passed an ordinance for the taking of a certain parcel of land for an alley, authorizing the village attorney to institute proceedings for its condemnation for that purpose, and to draw from the village treasury the amount necessary to pay the compensation and damages and the costs of the proceeding. A petition was filed against the appellant, the owner of all the land proposed to be taken, and the amount of the compensation to be paid her was fixed at $54. She has appealed from the judgment of the court authorizing the petitioner to take and use the land upon payment of the compensation awarded.

It is first objected that the amended petition was insufficient because it failed to describe any property to be taken or damaged. The ordinance appropriating the land is set out in the petition *in hæc verba* and describes the land by metes and bounds. From the starting point the line runs "east to a point 30 feet north and 107.25 feet east of the north-east corner of school house lot, thence south 30 feet to the north-east corner of the McGee lot," etc. It is contended that this does not describe any particular school house lot, and that it cannot be told how far east the proposed alley is to extend or whether it would contain one acre or five acres. The description referred to fixed monuments which it is to be presumed could be identified by extrinsic evidence, and it is sufficiently specific. The location of the school house lot and the McGee lot would determine the distance the alley extended east, as well as the quantity of land included.

It is also insisted that the petition is defective in failing to describe the tract of land a part of which is sought to be

taken. The petition specifically described the land proposed to be taken. It did not appear that any other land would be damaged or that the appellant owned any other land. If the appellant claimed to be the owner of land (not described in the petition) which would be damaged by the laying out of the alley, it was for her to show such fact.

It is contended that the ordinance is invalid for want of a sufficient description of the proposed alley; for a failure to declare whether the land taken shall be paid for by special assessment or general taxation; because it authorizes the village attorney to proceed under the Eminent Domain act and not under the Local Improvement act; because it wrongfully authorizes the village attorney to draw money from the village treasury and attempts to appropriate money without publication of the ordinance. The first objection has already been answered. The ordinance does declare that the alley shall be paid for by general taxation, because it authorized the village attorney to draw from the treasury the sum required to pay the compensation, damages and costs. This was not a wrongful authority conferred on the village attorney. He can receive the money only by means of a warrant in the usual way. The ordinance did not appropriate money. The effect of the authority to the village attorney was to authorize payment to him only out of money lawfully appropriated. Since the alley was to be paid for by general taxation, the proceedings could be had only under the Eminent Domain act. The sections in the Local Improvement act which provide for the assessment of compensation for property taken or damaged for a local improvement refer only to cases where the improvement is to be paid for, wholly or in part, by special assessment or special taxation.

Objection is made to the verdict because it does not contain a description of the land. The verdict is for the value of the land to be taken. All the land described in the ordinance and in the petition belonged to the appellant.

It was all to be taken and no other land was to be taken. When considered in connection with the petition the verdict was sufficient. *Suver* v. *Chicago, Santa Fe and California Railway Co.* 123 Ill. 293; *Peoria, Bloomington and Champaign Traction Co.* v. *Vance,* 234 id. 36.

Objection is made to each of the instructions given to the jury, but as the evidence is not preserved in the bill of exceptions we are unable to say that any of the instructions were harmful to the appellant.       *Judgment affirmed.*