The City of Morrison, Appellee, *vs.* The Chicago and Northwestern Railway Company, Appellant.

*Opinion filed February 20, 1913.*

1. MUNICIPAL CORPORATIONS—*city cannot proceed under Local Improvement act to ascertain the compensation for property to be paid for by general taxation.* Section 13 of the Local Improvement act authorizes a city to proceed thereunder to ascertain the compensation to be paid for private property taken or damaged for a municipal improvement only when such improvement is to be paid for wholly or in part by special assessment or special taxation, and not where it is to be paid for by general taxation. (*Village of Norris* v. *Lyon,* 251 Ill. 457, adhered to; *Chicago and Northwestern Railway Co.* v. *Chicago,* 148 id. 141, *Snydacker* v. *West Hammond,* 225 id. 154, and *Litz* v. *West Hammond,* 230 id. 310, explained.)

2. APPEALS AND ERRORS—*court cannot review an order entered subsequent to judgment appealed from.* The Supreme Court can not review an order entered subsequent to the judgment appealed from, authorizing the city to enter at once upon the property condemned, but upon a reversal of the judgment appealed from the subsequent order must fall with the judgment.

APPEAL from the County Court of Whiteside county; the Hon. WILLIAM A. BLODGETT, Judge, presiding.

McCALMONT & RAMSAY, for appellant.

J. A. RIORDON, City Attorney, for appellee.

Mr. CHIEF JUSTICE DUNN delivered the opinion of the court:

The only question in this case is decided adversely to the appellee in *Village of Norris v. Lyon,* 251 Ill. 457, but the counsel for the appellee thinks that case was decided wrongly and should be overruled, and he convinced the county judge that he was right. We are not convinced, however, but are constrained to adhere to our conclusion.

The question is, can a city proceed, under sections 13 to 33 of the Local Improvement act, to ascertain the compensation to be made for private property taken or damaged for a local improvement to be paid for by general taxation? The city of Morrison passed an ordinance for the extension of Madison street across the railroad track of the appellant, the cost to be paid by general taxation. A petition was filed in the county court, under the Local Improvement act, to ascertain the compensation to be made to the railroad company. Two commissioners were appointed to act with the president of the board of local improvements, and such proceedings were subsequently had as resulted in a judgment fixing the compensation at $25 and awarding to the city the right to the use of the railroad track at the crossing for a street.

It is contended that in the decision of the case of *Village of Norris v. Lyon, supra,* all the other sections of the act except section 13 were overlooked, and particularly section 12, which expressly provides: "Should such an ordinance provide for improvements which require the taking or damaging of property, the proceeding for making just

compensation therefor shall be as described in sections 13 to 33 inclusive, in this act." Section 13 provides that "whenever any such ordinance shall be passed by the legislative authority of any such city, village or town, for the making of any local improvement that such city, village or town is authorized to make, to be ,paid for wholly or in part by special assessment, or by special taxation, the making of which will require that private property be taken or damaged for public use, such city or village shall, either in such ordinance or by subsequent order, designate some officer to file a petition," etc. The following sections, to and including section 33, provide in detail for the taking of every step necessary for the ascertainment, not only of the compensation for all property taken or damaged, but also of the benefits to all property benefited, and constitute a code for the levying of a special assessment or a special tax where the improvement requires the taking or damaging of private property. Section 36 and the following sections constitute a code for the levying of a special assessment or a special tax where the ordinance contains no provision for the condemnation of private property. Neither of these codes is intended for or adapted to the case of an improvement to be paid for by general taxation. The object of the Local Improvement act is to provide a method of charging the expense of a local improvement upon the property benefited by it, and general taxation is only incidentally mentioned.

What ordinance does section 12 refer to as "such an ordinance?" Section 5 provides that no ordinance for any local improvement to be paid wholly or in part by special assessment or special taxation shall be considered or passed by the city council unless first recommended by the board of local improvements. Section 7 provides that all ordinances for local improvement to be paid wholly or in part by special assessment or special taxation shall originate with the board of local improvements. Section 8 provides for

a public hearing and for the preparation of an ordinance which shall state whether the improvement shall be paid for wholly, or in part only, by special assessment or special taxation of contiguous property.   Section 9 provides for the presentation of "such ordinance" to the city council, section 10 for the presentation of an estimate of the cost, "together with the said ordinance," section 11 for the publication of "such proposed ordinance" under certain circumstances, and then follows section 12 with its reference to "such an ordinance,"—that is, an ordinance "for local improvement to be paid for wholly or in part by special assessment or special taxation."

We are referred to *Chicago and Northwestern Railway Co.* v. *City of Chicago,* 148 Ill. 141, as holding that a city has no authority to condemn property for a public improvement under the Eminent Domain act.   That case holds on this question only that the city might, before the Local Improvement act of 1897, condemn private property for a local improvement in the manner provided by article 9 of the Cities and Villages act, and that the statute having prescribed the particular mode of condemning the property for that purpose, the mode prescribed must be followed. Article 9 then required the proceedings for making compensation for property required to be taken or damaged for a local improvement provided for by any ordinance, to be according to the method provided for that purpose in article 9.   The cases of *Snydacker* v. *Village of West Hammond,* 225 Ill. 154, and *Litz* v. *Village of West Hammond,* 230 id. 310, are cited as holding that the only manner in which a city can condemn property is under the provisions of the Local Improvement act.   These cases grew out of the same ordinance, which provided for the levy of a special assessment to pay for a local improvement, and it was, of course, held that the village was authorized to acquire the property only by condemnation and not by purchase, but they did not hold the proposition claimed by appellee.

In such case the condemnation could be only under the Local Improvement act. All of these cases have really nothing to do with the question now under consideration.

The order fixing the compensation and awarding the right to use the crossing to the petitioner was entered on September 24, 1912, and it is from that order that the appeal was taken. The record certified by the clerk, and the bill of exceptions, show that afterward, on October 7, 1912, the petitioner deposited the damages awarded, and the costs, with the clerk and filed a bond as required by the court, and an order was thereupon entered authorizing the petitioner at once to enter upon the use of the property. The appellant has assigned error upon this order, but we cannot, on this appeal, consider the action of the court subsequent to the judgment appealed from. Since that judgment must be reversed the subsequent order will fall with it.

The county court was in error. Its judgment is reversed.

*Judgment reversed.*