Head et al. v. Village of Wood River, 194 Ill. App. 104.

JOHN E. HAMLIN, JOHN L. FLANNIGAN and S. W. BAXTER, for appellee.

MR. JUSTICE HARRIS delivered the opinion of the court.

### Abstract of the Decision.

1. APPEAL AND ERROR, § 788*—*when bill of exceptions essential to review.* In order that a ruling of a trial court on matters other than those appearing on the common-law record may be reviewed, the questions must be preserved in a bill of exceptions.

2. APPEAL AND ERROR, § 788*—*when bill of exceptions essential to review of judgment on referred case.* The reference of a case to a referee does not transfer the action, so far as procedure is concerned, from the law to the chancery side of the court, so as to permit the review of a judgment without a bill of exceptions.

3. APPEAL AND ERROR, § 1002*—*when bill of exceptions essential to review weight of evidence.* The question whether a judgment is sustained by the weight of the evidence is not open to review, where neither the evidence nor exceptions to the judgment are preserved by bill of exceptions.

---

### Joseph A. Head, Margaret R. Haller and William Dulaney, Appellants, v. Village of Wood River, Michael F. Manning, Treasurer, and Fred Penning, Appellees.

1. REFERENCE, § 10*—*when exception necessary to referee's report.* One who does not except to a master's report is bound thereby.

2. MUNICIPAL CORPORATIONS, § 457*—*when land for sewers may be acquired by purchase.* Section 3 of the Act of 1910 (J. & A. ¶ 1512) relative to the construction of sewer outlets, pumping stations, etc., beyond the limits of certain cities, and permitting the acquisition of land therefor by gift, purchase, condemnation or otherwise, does not apply to such improvements when wholly within the limits of a municipality.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

3. MUNICIPAL CORPORATIONS, § 457*—*when land for sewer and water system may be acquired by purchase.* A right of way for a water and sewerage system lying wholly within the limits of a municipality must, under section 13 of the Act of 1897 (J. & A. ¶ 1400) be acquired by condemnation and not by purchase.

4. MUNICIPAL CORPORATIONS, § 457*—*questioning purchase of land for sewer and water system in confirmation proceeding.* A contention that a village improperly acquired land by purchase instead of condemnation, as required by section 13 of the Act of 1897 (J. & A. ¶ 1400), for the construction of a water and sewerage system wholly within the limits of the municipality, need not be made by taxpayers in a proceeding in a County Court for the confirmation of a special assessment for the improvement.

5. MUNICIPAL CORPORATIONS, § 797*—*when fraud must be alleged in suit to enjoin purchase of land for sewer and water system.* Fraud need not be alleged or proved in an action by taxpayers to enjoin a village from paying for land purchased instead of condemned as required by section 13 of the Act of 1897 (J. & A. ¶ 1400) for a water and sewer system wholly within the limits of the municipality.

6. MUNICIPAL CORPORATIONS, § 457*—*when taxpayers estopped to question validity of purchase of land for water and sewer system.* Taxpayers cannot be estopped from questioning, nor can they waive the want of power in a village to purchase instead of condemning, as required by section 13 of the Act of 1897 (J. & A. ¶ 1400) for a water and sewerage system wholly within the corporate limits.

Appeal from the Circuit Court of Madison county; the Hon. WILLIAM E. HADLEY, Judge, presiding. Heard in this court at the October term, 1914. Reversed and remanded with directions. Opinion filed May 1, 1915. *Certiorari* denied by Supreme Court (making opinion final).

LEVI DAVIS, for appellants.

WARNOCK, WILLIAMSON & BURROUGHS and WILLIAM P. BOYNTON, for appellees.

MR. JUSTICE HARRIS delivered the opinion of the court.

The bill filed in the Circuit Court by appellants is for an injunction to restrain the Village of Wood River and Michael F. Manning, treasurer of said village,

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

from paying to Fred Penning, one of appellees, in any manner, any part of two special assessments, against the property of said Penning, one for a local improvement, a sewer system, and the other for a local improvement, a water system, the two assessments amounting to $1,750, and to enjoin Fred Penning from receiving any money on two warrants on the treasurer of said village on account of said assessments and from assigning said warrants.

The facts over which this controversy arose, so far as material, are as follows:

The board of local improvements of said village recommended two ordinances, viz., No. 24 and No. 25, for the water system and sewer system respectively, which said ordinances were passed by the village board of trustees on the 9th day of May, 1912, and on the same date approved. Each ordinance required the improvement to be made and paid for by special assessment of property in the usual way. Each ordinance contained a clause that the land necessary for a right of way, where such line is not in the streets, avenues or alleys of said village, had been acquired by, granted to and is now in the possession of said village.

Fred Penning, one of the appellees, was the owner of a tract of land in said village through which, under ordinance No. 24, the water system should run, describing the strip, and under ordinance No. 25, the sewer system should run, describing the strip. There had been a plat prepared but not recorded of said land. Petitions for the levy of special assessments for said improvements were filed in the County Court of Madison county on the 25th day of May, 1912. The appellants and the said Fred Penning are owners of real estate in said village along the line of the improvements and taxpayers of the village of Wood River. They were notified of said proceedings and were in court. Assessments were made pursuant to each of said petitions, except that the land of said Penning was not mentioned or assessed. Appellants filed objections

to the assessments for the reason that Fred Penning's land was not assessed. Appellants and Fred Penning came to an agreement and objections were withdrawn and said Penning's land was assessed. The right of way across Penning's land was acquired by the village by two deeds from him, which recite that the right of way is conveyed for purpose of improvements only, and in consideration thereof said tract of land is not to be assessed for the construction of said improvements, and the village to assume any assessments that might be made. These deeds were not made a part of the proceedings in the County Court, and the only reference thereto was to the effect that the village had acquired the right of way.

January 9, 1913, the village board ordered warrants drawn, payable to M. F. Manning, special collector of said village, for $60 against the water fund and $69 against the sewer fund of said village, reciting that the same were for F. Penning's special assessments. These warrants were drawn in accordance with the directions of the village board and are dated January 22, 1913. The bill alleges that the rights of way were worth less than $100. The village of Wood River and Michael F. Manning, treasurer, file answer to the bill, admitting the passage of the ordinances, and the acceptance of deeds and proceeding in County Court, and claiming for themselves good faith. Fred Penning filed answer in substance the same as answer of village and its treasurer, but denying that he had received any warrant for $129, or any other sum.

A temporary injunction was issued. Replications to answers and upon reference to special master evidence taken and reported by special master with his conclusion or findings. Objections were filed by appellee to master's findings, which objections were on the hearing to stand as exceptions to master's report. The finding of the master was in favor of appellants, except as to amount of $300 allowed Fred Penning as a

reasonable compensation for the rights of way. The report recommended a decree permanently enjoining the said village from paying the balance of the $1,750 assessment to Fred Penning and the said Fred Penning from receiving same in warrants or money. The court on the hearing sustained the exceptions and entered decree dismissing bill.

The appellants filed no exceptions to master's report and as to the amount of $300 allowed Fred Penning for right of way under the bill, evidence and report of the master, they are bound.

The appellees have filed separate briefs in this case, both making the same contention as to the law applicable to this case. When from an investigation we arrive at a conclusion, the difference between appellants and appellees is whether or not the transaction between the village board and Fred Penning for right of way and the making of the deeds was within the powers of the village board to make. If not, it is a void transaction, and no partial performance would work an estoppel as against a taxpayer seeking to enjoin the wrongful appropriation of funds in payment thereof. The rule is different if it is a power vested in the board of trustees exercised in a wrongful manner; then the authorities cited on estoppel apply. The fact that under the local improvement law there are two different acts, the one of 1897 for improvements within cities and villages by special assessment or special taxation sections 12 to 33 (J. & A. ¶¶ 1399-1421) provide the exclusive method by which the village could obtain private property for the construction of a sewer. The Act of 1899 and Act of 1910 for the construction of outlets, furnishing pumping stations, etc., outside the corporate limits of cities under 100,000, paragraph 608, Cities and Villages Act, section 3 (J. & A. ¶ 1512), provides that the city or village may acquire by gift, purchase, condemnation or otherwise, land for said purposes. This act applies to improvements of this

kind when partially within and partially or wholly without corporate limits, and has no application to the case at bar nor is it in conflict with Act of 1897. The mode of procedure is not cumulative as to the acquisition of property for a public use. Section 53 of the Cities and Villages Act (J. & A. ¶ 1443), under local improvements, has to do with the levying of assessments for improvements under the Act of 1897, but the property acquired must be acquired under section 13 of said Act (J. & A. ¶ 1400).

The Supreme Court of this State in the case of *Litz v. Village of West Hammond*, 230 Ill. 310, have construed this section in the following language: "Where private property must be acquired for the making of any local improvement, to be paid for, in whole or in part, by special assessment, the statute requires that the title thereto shall be obtained by condemnation proceedings," and that method is exclusive. *Snydacker v. Village of West Hammond*, 225 Ill. 154.

The fact that deeds were made by Penning and the warrants issued for a part of the consideration is of no consequence in this case. "So long as they had not been paid, the funds of the village were not, in fact, applied to the purchase of this real estate, and so long as those funds remained in the hands of the village treasurer their unauthorized expenditure might be restrained at the suit of the taxpayer." The law applicable to cases cited by appellees that where the municipality, itself, after the contract was executed by the other party thereto, has sought to avoid the performance of the contract on its part, where it did not put the other party *in statu quo* or where it did not offer to do so, is not applicable to the case at bar. This is a suit brought by taxpayers not parties to the contract. *Litz v. Village of West Hammond, supra.*

The contention of appellees that appellants were bound to make their objections to the acquisition of this right of way in the County Court is equally as un-

tenable. The question of whether the County Court might not have determined the question of right of way is not involved. The only reference to what had been done was only the statement that the right of way had been acquired. It might be presumed that if acquired it was acquired according to law.

Because we are of the opinion that this right of way could only be acquired by condemnation and because the transaction was invalid and void, it was not necessary to aver and prove fraud. There could be no waiver or estoppel as against appellants because the board of trustees were without the power to purchase the right of way.

The findings of the special master were right and the exceptions should have been overruled, and a decree entered accordingly.

The decree will therefore be reversed with directions to vacate and set aside decree and order sustaining exceptions of appellees and each of them; that an order be entered overruling exceptions of appellees and each of them to master's report and decree entered accordingly.

*Reversed and remanded with directions.*