THE VILLAGE OF BELLWOOD, Appellee, *vs.* ARTHUR T. GALT *et al.* Appellants.

*Opinion filed April 20, 1927—Rehearing denied June 8, 1927.*

1. SPECIAL ASSESSMENTS—*when an ordinance is void all subsequent proceedings are void.* Where a local improvement ordinance is void all proceedings based upon it are void and will be so treated whether attacked directly or collaterally, and where the judgment granting the right to take property and fixing compensation is reversed all subsequent orders depending upon it fall with it.

2. SAME—*sections 30 and 31 of Local Improvement act, for taking property, do not apply where ordinance is void.* Sections 30 and 31 of the Local Improvement act do not authorize the taking of private property necessary to an improvement where the ordinance under which the municipality is proceeding is void, and an order entered for the taking of property under said sections pending an appeal must be reversed where the ordinance was held void on the appeal.

3. EMINENT DOMAIN—*entry is a trespass where the judgment is void.* Where a judgment awarding lands to the petitioner is void any entry upon the lands by the petitioner is a trespass.

APPEAL from the Superior Court of Cook county; the Hon. E. M. MANGAN, Judge, presiding.

LYMAN, ADAMS, BISHOP & DUPEE, for appellants.

LANGWORTHY, STEVENS, McKEAG & HURLEY, for appellee.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

June 16, 1926, this court filed an opinion in *Village of Bellwood* v. *Galt,* 321 Ill. 504, holding void the ordinance for the local improvement involved in that case. While the case was under advisement in this court the superior court of Cook county, where the proceeding was initiated, entered an order upon the petition of the village, May 15, 1926, authorizing the village to take possession of certain property required for the improvement. To review that order this appeal is prosecuted.

Appellee relies on sections 30 and 31 of the Local Improvement act to justify its action. Section 30 provides: "Any final judgment or judgments, rendered by said court, upon any finding or findings of any jury or juries or of any judge or judges where trial by jury is waived by the parties concerned, shall be a lawful and sufficient condemnation of the land or property to be taken, upon the payment of the net amount of such finding, as hereinafter provided. It shall be final and conclusive as to the damages and benefits caused by such improvement, unless such judgment or judgments shall be appealed from; but no appeal or writ of error upon the same shall delay proceedings under said ordinance, if the petitioner shall file in the case its written election to proceed with the improvement notwithstanding such appeal or writ of error and shall deposit, as directed by the court, the amount of judgment and costs, after deducting the benefits assessed and adjudged against such property, if any. If the petitioner so elects to make such deposit prior to the final determination of any appeal or writ of error, it shall thereby become liable to pay to the owner or owners of and parties interested in the property in question, the difference if any between the amount so

deposited and the amount ultimately adjudged to be the just compensation to be paid on account of such property, and interest on any such difference at the rate of five (5) per cent per annum from the date of the making of such deposit, and costs." Section 31 provides: "The court, upon proof that the amount of said just compensation, so found by the jury or by the court in case a trial by jury is waived by the parties concerned,  *  *  *  has been paid to the person entitled thereto, or has been deposited as directed by the court, shall enter an order that the petitioner shall have the right, at any time thereafter, to take possession of or damage the property, in respect to which compensation shall have been so paid or deposited as aforesaid." Appellants contend that these sections of the statute do not authorize an order of possession where the local improvement ordinance under which the petitioner is proceeding is void, and they suggest that if such construction were placed on the sections they would be rendered unconstitutional.

It is uniformly held that where the local improvement ordinance is void all proceedings based upon it are void, and will be so treated whether attacked directly or collaterally. (*People* v. *Kaul,* 302 Ill. 317; *City of Chicago* v. *Nodeck,* 202 id. 257.) Where the judgment granting the right to take the property and fixing compensation is reversed all subsequent orders depending upon it fall with it. (*City of Morrison* v. *Chicago and Northwestern Railway Co.* 257 Ill. 376.) Where the judgment awarding the lands to the petitioner is void, any entry upon the lands by the petitioner is a trespass. *Ligare* v. *Chicago, Madison and Northern Railway Co.* 160 Ill. 530; *Manda* v. *City of Orange,* 78 N. J. L. 630, 75 Atl. 741.

Sections 30 and 31 of the Local Improvement act do not authorize nor purport to authorize the taking of private property necessary to an improvement where the ordinance under which the municipality is proceeding is void. They apply only to cases where the objections relate to the regu-

larity of the trial to fix compensation. In such instances it makes no difference that the municipality takes possession of the land pending the appeal, for the reason that errors occurring on the first trial may be corrected on a second trial. The two sections deal only with the judgment entered on the finding of a jury, or upon the finding of the judge where a trial by jury is waived. This is sometimes called the second step in a condemnation proceeding. It is that part of the hearing which has to do only with the fixing of the amount of compensation. It has nothing to do with the legal questions arising on the preliminary hearing before the court.

The court was without jurisdiction to enter the order of possession, and its order is therefore reversed.

*Order reversed.*