Thomas W. Shreve *et al.*

*v.*

The Town of Cicero.

*Filed at Ottawa June 15, 1889.*

1. Administering oaths—*power of town clerk.* Section 112, of article 12, of the Township law, provides that the town clerk may administer oaths and take affidavits in all cases required by law to be administered to or taken by town officers, but there is no general law empowering him to administer oaths in other cases.

2. The special charter of a town provided, that in proceedings to levy a special assessment the commissioners selected to make the assessment might be sworn before the town clerk. The town, however, adopted article 9 of the act relating to cities and villages: *Held,* that as the provision in the charter was not repugnant to anything in that article, the town clerk might properly administer the oath to the commissioners appointed to make a special assessment.

3. Special assessment—*in town having a special charter, but having adopted article 9 of the general Incorporation law.* Upon the adoption of article 9 of the act relating to cities and villages, by a town acting under a special charter, a proceeding to levy a special assessment must conform to that article, which will control whenever it conflicts with the charter. But the charter continues in force in so far as it does not conflict with article 9 of the statute.

4. Same—*for local improvement in another town.* The property in one town can not be specially assessed for the purpose of making local improvements in another and adjoining town. But where no suitable outlet for a sewer can be found in the town making the same, its extension a short distance in an adjoining town, to a proper outlet, is not a violation of the rule.

5. Same—*ownership a disqualification of commissioner—evidence to show the fact.* A person owning property to be specially assessed for a public improvement is not competent to act as a commissioner. Such a person is interested in the assessment, and his interest disqualifies him from acting. But his ownership of land can not be shown by the affidavit of one who has examined the records, and found conveyances to him from the index books.

6. Evidence—*to prove title to real estate.* The title to or ownership of land can not be established, in a judicial proceeding, by the affidavit of a person who has examined the tract index book of the public records, and who therein deposes that he found a deed or deeds on record to the party in whom the title is alleged to be vested.

APPEAL from the County Court of Cook county; the Hon. RICHARD PRENDERGAST, Judge, presiding.

Messrs. WILSON & MOORE, for the appellants.

Messrs. WHITEHEAD & PACKARD, for the appellee.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

Three objections are urged against the special assessment: First, the commissioners appointed by the court to make the assessment were not sworn before an officer authorized to administer oaths; second, one of the commissioners was ineligible on account of interest, being the owner of lands assessed; third, a part of the money raised by the assessment was to be expended in another town, contrary to law.

The town of Cicero is incorporated under a special charter, which will be found in volume 3 of Laws of 1869, page 666. After the town was incorporated it adopted article 9 of the City and Village act. By its charter, the town of Cicero was authorized to levy special assessments for improvements; but the present assessment was not made under the charter, but it was made under article 9. Section 138 of the article provides, that "upon the filing of such petition the court shall appoint three competent persons as commissioners, who shall take and subscribe an oath, in substance as follows,"—giving the form of the oath; but no provision of the statute declares what officer shall administer the oath. Here, after the commissioners were appointed, they were sworn before Ed. S. Austin, town clerk, and it is insisted that he had no authority to administer the oath.

Section 112, of article 12, of the Township Organization law, provides that the town clerk may administer oaths and take affidavits in all cases required by law to be administered or taken by town officers; but we find no provision of the statute that empowers a town clerk to administer oaths in other cases. Section 2, of chapter 101, in relation to oaths, specifies cer-

tain officers who may administer oaths, but a town clerk is not among the number. So far, therefore, as the statute is concerned, the town clerk does not seem to be authorized to administer an oath in a case of this character. But upon an examination of the charter of the town of Cicero it will be found that section 17, in case of proceedings to levy a special assessment, provides that the commissioners selected to make the assessment may be sworn before the town clerk or some other officer authorized to administer oaths. Had the proceedings which were instituted by the town of Cicero been conducted under the charter, no question could arise in regard to the power of the town clerk to administer the oath, as it is expressly conferred. Upon the adoption of article 9, the proceedings in a special assessment would have to conform to that article, and that article would control wherever it conflicted with the charter; and if article 9 had required the oath of the commissioners to be taken before any named officer, the town clerk would have no power to administer the oath. But the charter of the town of Cicero may be regarded in force, so far as it does not conflict with article 9 of the statute, and as the charter expressly authorizes the commissioners to be sworn before the town clerk, and as article 9 is silent as to the officer before whom they may be sworn, we are inclined to hold that the town clerk was authorized to administer the oath.

As to the second objection relied upon by appellants, we do not regard the evidence produced before the court sufficient to establish the fact that one of the commissioners was interested. The proof relied upon was an affidavit of J. B. Skinner, to the effect that on the 8th of December, 1888, he made a personal examination of the tract index books of Haddock, Vallette & Rickcords, purporting to show the title to block 32, in Ridgeland. From such examination affiant is of opinion, that at the time of making such assessment John Carne, Jr., was the owner of certain lots in said block, together with other property mentioned in said assessment roll; that said tract book shows

a warranty deed to John Carne, Jr., of lots 3 and 4, recorded May 13, 1879; also a warranty deed to Carne, Jr., of lots 12 and 13, recorded August 2, 1880; and shows no conveyance of said premises by Carne prior to the making of the assessment. The statute required the court to appoint three competent persons as commissioners to make the assessment, and we think it is plain that a person who owned property to be assessed would not be a competent person. Such a person would be interested, and his interest would disqualify him from acting in making the assessment. But we are aware of no authority under which the fact could be proved that John Carne, Jr., one of the commissioners, owned property on the list to be assessed, by an affidavit of some person who had examined the record of abstracts. The title to or ownership of land can not be established, in a judicial proceeding, in that way, and as no other proof of the fact was offered, the court very properly overruled the objection.

We now come to the third objection,—that a part of the money raised by the assessment was to be expended in another town. The ordinance providing for the improvement was passed on the first day of May, 1887. It provided for a pipe sewer on Austin avenue, from Chicago avenue to the south line of Madison street, and a wooden sewer from the south line of Madison street to the north line of Thirty-ninth street, thence east along the north line of Thirty-ninth street a distance of 1400 feet. On the 16th day of June, 1888, long after the assessment had been levied, the board of trustees of the town of Cicero, for the purpose of getting a better outlet for the sewer, made a change in the route, and in lieu of running 1400 feet from Austin avenue east on Thirty-ninth street, the sewer was extended directly south from Thirty-ninth street, in the town of Lyons, on a line with Austin avenue, about 1600 feet, to Mud Lake.

It may be conceded that the property in the town of Cicero could not be assessed for the purpose of making a local im-

provement in the town of Lyons, as held in *Hundley* v. *Commissioners,* 67 Ill. 561. But that doctrine has no application to this case. Here the location of the improvement, its nature and character, were settled by an ordinance, and the entire line of the sewer was in the town of Cicero. The assessment was made under this ordinance, no part of the improvement being in another town. Moreover, the extension of the sewer south, in the town of Lyons, from Thirty-ninth street to Mud Lake, can not be regarded as a local improvement in another town. Suppose no outlet could be found without extending the sewer a short distance into the territory of another town, we think the town authorities would be authorized, in such a case, to do so, without a violation of the rule announced in the case cited.

The judgment will be affirmed.

*Judgment affirmed.*