SAMUEL COCHRAN *et al.*

*v.*

THE VILLAGE OF PARK RIDGE.

*Filed at Ottawa June 15, 1891.*

138    295
140    221
138    295
161    291
138    295
60a    617
138    295
164     78
138    295
166     97
138    295
171    359
138        295
190      7554₁
138        295
200      7291
103a    7  76
138        295
202      5539
138        295
e109a7167
138        295
114a   7  30

1. MUNICIPAL CORPORATION—*powers beyond its limits.* A municipal corporation, as a general rule, can not exercise its powers beyond its territorial limits. If it has power to do so it must come from a statute which directly or impliedly confers the power.

2. The section of the statute conferring authority on villages to make local improvements by special assessments was intended to confine the improvement within the corporate limits. Under it a village has no power to make improvements in territory outside of its limits.

3. Where it becomes absolutely necessary, in the construction of a sewer in a village, to get an outlet beyond the corporate limits, the sewer or drain may extend beyond such limits, in order to make the sewer of any practical utility, without violating the statute. Such a sewer is to be regarded as an improvement within the village.

4. SAME—*local improvements—sewer beyond corporate limits—obtaining right over property of others.* The fact that a village has not obtained the right to occupy and use a highway outside its limits before the passage of an ordinance or the assessment is made for a sewer, will not invalidate the proceeding. The statute does not require that the ordinance for the construction of a sewer by a city or village shall make any provision for acquiring the right to make the improvement upon the property of others. That may be done afterward.

5. ORDINANCE—*whether sufficiently definite—location of man-holes in a sewer.* An ordinance for the construction of a sewer provided that the sewer should be two feet inside diameter, and should be constructed of the best brick and cement, in the best workmanlike manner, "with necessary man-holes and inlets for surface drainage of the street and adjacent property:" *Held*, that the ordinance was sufficiently certain in giving the location of the man-holes.

6. COMMISSIONERS OF HIGHWAYS—*consent to sewer along highway.* While there is no specific act authorizing the commissioners of highways to consent that village authorities may construct a sewer or drain in a highway as an outlet, the general powers conferred on such road authorities is broad enough to authorize them to consent to any act which may benefit the highway, such as the construction of a sewer therein.

7. PRACTICE IN SUPREME COURT—*assigning errors.* Where a cause is tried by the court without a jury, and no exception is taken to the finding of the court or to the rendering of judgment, and preserved in a bill of exceptions, the finding and judgment can not be assigned for error.

APPEAL from the County Court of Cook county; the Hon. FRANK SCALES, Judge, presiding.

Mr. E. J. WHITEHEAD, Mr. C. E. PACKARD, and Mr. ARTHUR W. PULVER, for the appellants:

The corporate authorities of the village had no authority of law to levy special assessments to pay for improvements to be made outside of the corporate limits. *Hundley* v. *Commissioners,* 67 Ill. 559; Rev. Stat. chap. 24, art. 9, sec. 1.

The ordinance is void, because it fails to specify the location of the man-holes. *Ogden* v. *Lake View,* 121 Ill. 423.

The rule for the strict construction of statutes applies here. Potter's Dwarris on Statutes, 146; *Weckler* v. *Chicago,* 61 Ill. 142; Cooley on Taxation, 266-269; *Foss* v. *Chicago,* 56 Ill. 354; *Moore* v. *Chicago,* 60 id. 243; *Wright* v. *Chicago,* id. 312; *McDowell* v. *Chicago,* id. 350; *Bryan* v. *Chicago,* id. 507.

Have the corporate authorities of the village the power to construct a sewer in a public highway lying outside the corporate limits? Highway commissioners are only a *quasi* corporation, *(McManus* v. *McDonough,* 107 Ill. 95,) and can exercise only such express powers as are conferred on them by statute. *Railway Co.* v. *Jefferson,* 14 Bradw. 622; *Brauns* v. *Peoria,* 82 Ill. 11.

An assessment can not be made for benefits that result, not from the improvement itself, but from others to be built in the future. *State* v. *Elizabeth City,* 37 N. J. 330; *State* v. *Newark,* 6 Broom, 157; *In re Commissioners,* 39 N. J. 433; *State* v. *Elizabeth,* 40 id. 271; *Hutt* v. *Chicago,* 132 Ill. 352.

Mr. J. A. Phelps, and Messrs. Hoyne, Follansbee & O'Connor, for the appellee :

The village of Park Ridge has the power to construct a sewer a part of which is outside of the corporate limits, if it is necessary to do so in order to find a suitable outlet. *Coldwater* v. *Tucker*, 36 Mich. 474 ; *Shreve* v. *Town of Cicero*, 129 Ill. 226.

The ordinance sufficiently locates the man-holes. *Springfield* v. *Mathus*, 124 Ill. 88.

It was not necessary that the village should have already secured the right of way from the highway commissioners. *Hyde Park* v. *Borden*, 94 Ill. 26 ; *Leman* v. *Lake View*, 131 id. 388 ; *Holmes* v. *Hyde Park*, 121 id. 128 ; *Hunerberg* v. *Hyde Park*, 130 id. 156.

No motion for a new trial having been made by the appellants in the court below, they are not in a position to raise the question of the sufficiency of the evidence to sustain the finding of the court, "that the property and properties of the several objectors is not and are not assessed more than they respectively will be benefited by the proposed improvement." It is a settled rule of practice not to reverse a judgment for insufficiency of evidence, unless that question was made in the court below on a motion for a new trial. *Bills* v. *Stanton*, 69 Ill. 51 ; *Smith* v. *Gillett*, 50 id. 290 ; *Barnes* v. *Barber*, 1 Gilm. 401 ; *Nimmo* v. *Kuykendall*, 85 Ill. 476 ; *Reichwald* v. *Gaylord*, 73 id. 503 ; *Gould* v. *Howe*, 127 id. 251 ; *James* v. *Dexter*, 113 id. 654 ; *Law* v. *Fletcher*, 84 id. 45 ; *Dickhut* v. *Durrell*, 11 id. 72 ; *Parsons* v. *Evans*, 17 id. 238 ; *Manufacturing Co.* v. *Horton*, 74 id. 310.

When a cause is tried by the court without a jury, and no exception is taken to the finding of the court or to the rendering of judgment, and preserved in a bill of exceptions, and no motion is made for a new trial, the finding and judgment can not be assigned for error. *Martin* v. *Foulke*, 114 Ill. 206 ;

*Graham* v. *People,* 115 id. 566; *People* v. *McCoy,* 132 id. 138; *Steffy* v. *People,* 130 id. 98; *Insurance Co.* v. *Peck,* 126 id. 493.

In a proceeding by special assessment all property specially benefited may be assessed, but in a proceeding by special taxation only contiguous property can be specially taxed,— and this is the distinction, as to the property upon which the cost of the improvement should rest, between special assessments and special taxation. *County of Adams* v. *Quincy,* 130 Ill. 566; *Springfield* v. *Green,* 120 id. 269; *Wilbur* v. *Springfield,* 123 id. 395; *Lake* v. *Decatur,* 91 id. 596; *Fagan* v. *Chicago,* 84 id. 227; *Bigelow* v. *Chicago,* 90 id. 49; *Guild* v. *Chicago,* 82 id. 472; *Craw* v. *Tolono,* 96 id. 255; *Enos* v. *Springfield,* 113 id. 65; *Galesburg* v. *Searles,* 114 id. 217; *White* v. *People,* 94 id. 607.

Mr. Justice Craig delivered the opinion of the Court:

This is an appeal from a judgment of the county court of Cook county, confirming a special assessment levied for the purpose of paying for the construction of a sewer in the village of Park Ridge, in Cook county. The following objections are urged against the validity of the proceedings :

"*First*—The ordinance is void, because (*a*) it provides for the building of a sewer a large part of which is located outside the corporate limits of the village; and (*b*) because it fails to specify location of the man-holes provided by the ordinance to be built in connection with the sewer; and (*c*) because neither the village nor any other body or authority has the power to build such a sewer in a public highway outside the limits of the village.

"*Second*—The assessment is void, (*a*) because it is based on benefits that will result, not from the improvement itself, but from improvements which may be constructed in the future in connection with the proposed sewers; and (*b*) because the sums assessed against a large part of the property are for

speculative benefits and not actual benefits; and (c) because distinction between general benefits and special benefits has not been observed in this proceeding."

The village of Park Ridge is situated on the line of the Chicago and Northwestern railroad, about midway between the north branch of the Chicago river on the east and the Desplaines river on the west, about a mile and a half from each. The village is built on a ridge running in a northerly and southerly direction the entire length of the village. The first section of the ordinance providing for the improvement provided that a sewer should be constructed from the east bank of the Desplaines river to the center line of Greenwood avenue, and from that point to Center street, and thence east to a point one hundred feet west of the westerly line of Park avenue. It does not appear from the ordinance that Desplaines river is outside of the incorporated limits of the village, but on the hearing, evidence was introduced showing that the western boundary of the village was about four thousand feet east of the river. It also appears that there is no outlet for the sewage of the village except the Chicago river on the east or the Desplaines river on the west, and the question presented is, whether the village had the power to go outside of its corporate limits and obtain an outlet.

Section 1, article 9, chapter 24, of the Revised Statutes, provides: "The corporate authorities of cities and villages are hereby vested with power to make local improvements by special assessment, * * * as they shall by ordinance prescribe." It may be conceded that a municipal corporation can not, as a general rule, exercise its powers beyond its own limits. If it has power to do so, that power must come from a statute which directly or indirectly confers the power. The section of the statute *supra*, which confers authority on a village to make local improvements by special assessments, was no doubt intended to confine the improvement to the territory within the incorporated limits of the village, and under the

statute the corporate authorities of the village would have no power to make improvements in territory outside of its incorporated limits. But what is the object and true scope of the improvement under consideration? Is it one within or outside of the incorporated limits of the village? The object was to furnish sewerage for the inhabitants of the village. The improvement was for the benefit of those residing within the incorporated limits of the village, and for them alone. But in order to make the sewer a success,—in order to make the improvement of any benefit to any person in the village,—it must have an outlet. No outlet could be found within the incorporated limits. It became, therefore, absolutely necessary to extend the sewer a short distance outside of the incorporated limits in order to allow an outlet. In order to carry out the true scope and object of the ordinance providing for the improvement, it became necessary to expend money outside of the incorporated limits of the village. But it does not follow because that is the case, that the assessment here is made for an improvement outside of the village. The construction of the sewer from the incorporated limits of the village to the Desplaines river is not an improvement in that territory, but is one for the village, rendered a necessity from the geographical condition of the land upon which the village is located. The power to construct a sewer within the incorporated limits of the village would be a useless one unless the sewer could be connected with an outlet, and should we hold that the statute prohibited a village or incorporated town from extending a sewer or drain beyond the incorporated limits when it was necessary to do so to obtain an outlet, such a construction would defeat the obvious intention of the legislature in passing the statute. In *Shreve* v. *Town of Cicero*, 129 Ill. 226, we had occasion to consider the same question, and we there held, that where no suitable outlet for a sewer can be found in the town making the same, its extension into an adjoining town to a proper outlet could not be regarded as a violation of the stat-

ute. The same rule has been adopted in other States. See *City of Coldwater* v. *Tucker*, 36 Mich. 474.

The next objection to the ordinance is, that it does not sufficiently specify the location of the man-holes. Upon this branch of the case the ordinance provides as follows: "Forty-eight man-holes are to be built upon said sewer, and located as follows: one at each crossing and abutting street, and the remainder at such intermediate points as the engineer in charge may select." In *City of Springfield* v. *Mathus*, 124 Ill. 88, the ordinance involved provided: "Said sewer shall be two feet inside diameter, and shall be constructed of the best brick and cement, in the best workmanlike manner, with necessary man-holes and outlets for surface drainage of the street and adjacent property." The ordinance was objected to upon the same ground as here, and it was held that the ordinance was sufficiently certain in giving the location of the man-holes. The decision in that case is conclusive of the question raised here.

The next objection interposed is, that the village authorities failed to show that they had procured the right to construct a sewer in the highway outside of the village. The fact that the village authorities failed to show that they had obtained the right to occupy the highway before the ordinance was passed or before the assessment was made, did not, in our judgment, invalidate the ordinance or the assessment. In *Village of Hyde Park* v. *Borden*, 94 Ill. 26, it was held that the statute does not require that an ordinance for the construction of a sewer by a municipal corporation shall make any provision for acquiring the right to make the improvement upon the property of others, but it provides that after the passage of an ordinance for an improvement the making of which will require that private property be taken, then the city or village shall file a petition for the ascertainment of the compensation to be paid, if it can not be agreed upon by the parties. If, therefore, the highway in which the sewer was to

be constructed is to be regarded as private property, the village authorities were not required, in advance of the passage of the ordinance or making the assessment, to acquire the right to occupy the street.

It is also said that the commissioners of highways have no authority to grant the right to the village authorities to construct a sewer in the highway. We do not regard this position as well taken. The statute confers upon the commissioners of highways in the several towns the care and superintendence of all highways in their respective towns, and while there is no specific act authorizing them to empower a village or incorporated town to construct in the highway a sewer, the general power is broad enough to authorize them to grant consent to any act which may be of benefit to the highway, such as the construction of a drain or sewer therein.

It is next insisted that the judgment confirming the assessment is erroneous, because the assessment is based on benefits that will result, not from the improvement itself, but from improvements which may be constructed in the future, and because the sums assessed against a large part of the property are for speculative benefits. The question raised under this branch of the argument is, whether the judgment is sustained by the evidence. Upon looking into the record it appears that a jury was waived and a hearing was had before the court. No motion was made for a new trial, nor was any exception preserved to the finding and judgment of the court. The decisions of this court are uniform, and the law may be regarded as well settted, that where a case is tried by the court without a jury, and no exception is taken to the finding of the court or to the rendering of judgment, and preserved in a bill of exceptions, the finding and judgment can not be assigned for error. *Martin* v. *Foulke,* 114 Ill. 206; *Firemen's Ins. Co.* v. *Peck,* 126 id. 493.

The judgment of the county court will be affirmed.

*Judgment affirmed.*