THE CITY OF PARK RIDGE, Appellee, *vs.* ALBERT WISNER, *et al.* Appellants.

*Opinion filed February 23, 1912.*

1. SPECIAL ASSESSMENTS—*item of engineer's estimate for "lawful expenses" is proper.* An item of the engineer's estimate reading, "six per cent for lawful expenses, $3625.50," is not insufficient because not expressly limited to the cost of making, levying and collecting the assessment, as section 10 of the Local Improvement act requires a statement in the estimate that it does not exceed the probable cost of the improvement and lawful expenses attending the same.

2. SAME—*effect where estimate contains the item "six per cent for lawful expenses."* Where the engineer's estimate contains an item of "six per cent for lawful expenses," followed by the amount, it is still discretionary with the city council to provide by the ordinance that some sum, not exceeding six per cent of the assessment, shall be applied toward the payment of the cost of making and collecting it.

3. SAME—*section 53 of Local Improvement act means that all interests in land needed must be acquired.* Section 53 of the Local Improvement act, providing that no special assessment shall be levied for any local improvement until the land necessary therefor shall be acquired and in possession of the municipality, is not complied with by acquiring the right of one who has a mere easement in the land, but means that all rights and interests therein shall be acquired, so that the municipality shall have an absolute right not only to construct but to maintain the improvement.

4. SAME—*city must acquire right from owners of the fee to lay sewer in a highway.* Assuming that the highway commissioners may, so.far as the rights of the public are concerned, consent to the construction by a city of a sewer in a highway outside of the corporate limits of the city, it is still necessary, under section 53 of the Local Improvement act, that the city shall obtain the consent of the owners of the fee. (*Cochran v. Village of Park Ridge,* 138 Ill. 295, distinguished.)

5. SAME—*what does not amount to joint use of improvement by city and town.* The fact that the grant by highway commissioners to a city of the right to construct a sewer in a highway beyond the corporate limits of the city is conditioned upon the construction by the city of a certain number of catch-basins for the benefit of the highway does not render the improvement one for the joint

use of the city and town, and the improvement does not, by reason of such condition, cease to be a local improvement.

6. SAME—*when court should not adopt opinions of witnesses as to benefits.* It is error for the court, in determining the question of benefits in a sewer assessment proceeding, to base its judgment on opinions of the witnesses for petitioner made without regard to existing conditions or the location of the land, it being the opinion of such witnesses that two .pieces of property were benefited the same by a sewer which drained one and did not drain the other, and that lands which were high and well drained were benefited the same as low lands at times partially submerged.

APPEAL from the County Court of Cook county; the Hon. DAVID T. SMILEY, Judge, presiding.

GEORGE A. MASON, BAYLEY & WEBSTER, EDWIN A. MUNGER, DANIEL S. WENTWORTH, and JOHN F. SPOHN, for appellants.

WILLIAM J. DONLIN, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

This is an appeal from a judgment of the county court of Cook county confirming an assessment against the lands of appellants for the cost of constructing a combined sanitary and storm-relief sewer in the city of Park Ridge, and extending west of the city, in a public highway of the town of Maine, to the Desplaines river.

One objection overruled by the court was that the engineer's estimate was insufficient because the item "six per cent for lawful expenses, $3625.50," might include things not authorized by law, and should have been expressly limited to the cost of making, levying and collecting the assessment, as authorized by section 94 of the Local Improvement act. The provision of that section is, that in cities of the class of Park Ridge the city council may, in the ordinance for the assessment, provide that a certain sum, not to ex-

ceed six per cent of the amount of the assessment, shall be applied toward the payment of the costs of making and collecting the same. The purpose of the estimate is to show the cost of making the improvement itself, but section 10 requires a statement in the estimate that it does not exceed the probable cost of the improvement and the lawful expenses attending the same, so that it is proper to include such a sum as the council may add to the actual cost to cover the expense of making and collecting the assessment. The estimate in this case followed the language of section 10, and being within the six per cent authorized by the statute it was not subject to the objection. (*Snydacker v. Village of West Hammond,* 225 Ill. 154.) It was still discretionary with the city council to provide by the ordinance that some sum, not exceeding six per cent of the assessment, should be applied toward the payment of the cost of making and collecting it, and the ordinance did make such provision.

The next objection was that the petitioner had not complied with section 53 of the Local Improvement act, which provides that no special assessment shall be levied for any local improvement until the land necessary therefor shall be acquired and in possession of the municipality, except in cases where proceedings to acquire such land shall have been begun and proceeded to judgment. The sewer was to be of concrete and the main part of it was to have an internal diameter of six feet. That part was more than a mile in length and a large part of it was to be laid in a highway outside of the city. The city had acquired from the highway commissioners the right to lay the sewer in the south half of the highway so far as the public easement was concerned, but had not acquired that right from the owners of the fee. The highway commissioners had executed an agreement permitting the construction, maintenance and repair of the sewer in the highway, with catch-basins (not exceeding six) located at suitable points, and

the city had agreed to restore the highway, to keep the sewer and catch-basins in good repair, and to save the commissioners and town of Maine from any and all liability on account of the grant or the construction of the sewer in the highway. The highway was sixty-six feet wide, and there was no controversy as to its existence or the easement of the public therein for highway purposes, but the highway was subject, under the law, to vacation or abandonment, in which case the land would be released from the burden of the easement. There was a sewer in the north half of the highway, constructed when the city was a village, and in the case of *Cochran* v. *Village of Park Ridge,* 138 Ill. 295, it was held that the commissioners might consent to the laying of that sewer in the highway, for the reason that some benefit would be derived from it. The record in that case was offered in evidence by the petitioner in this case, and is now insisted upon as concluding the appellants, by way of estoppel by verdict, on the question whether the necessary land had been acquired. It does not have that effect for the reasons that the subject matter of the two proceedings is not the same, that a part of appellants were not parties to the former proceeding, and that the requirement of section 53 was not contained in the statute then in force. Accepting the former decision as the law concerning the right of highway commissioners to give consent so far as the public are concerned, it is still true that they could grant no greater right than they themselves had, and, as against the land owners, could not subject the land to any additional easement or right beyond its use as a public highway. It is not a compliance with section 53 to acquire the right of one who has merely an easement in land, but the section means that all rights and interests therein must be acquired, so that a municipality will have an absolute right to construct and maintain the contemplated improvement. The right to be acquired and enjoyed was the right of the city to construct and perpetually maintain a

sewer for the purpose of carrying the sewage of the city to the Desplaines river. The court erred in overruling the objection.

Other objections urged here are, that if the easement was valid the improvement was for the joint use of the city and the town of Maine, and that the ordinance was not for a local improvement. The basis for these objections is, that the city was to construct catch-basins at suitable places in the highway for the benefit of the town. The town of Maine had no right to connect with the sewer and acquired no use of it aside from the benefit of the catch-basins to the highway, and the use was not joint. It was a condition of the grant that the catch-basins should be built, which would benefit the highway, and the improvement did not cease to be local because of the catch-basins. The city could as well build them with the money raised by the assessment as to build the sewer without the catch-basins.

It was contended that the lands of the appellants were assessed more than their equitable share of the assessment, and the court heard evidence on that subject. There were large tracts of land constituting farms, and two witnesses examined by the appellants gave opinions that such lands were assessed more than their equitable share or proportion. The petitioner examined two witnesses who gave opinions that the farm lands were not assessed more in proportion to benefits than the city lots, and the court overruled the objection. There was in this case, as there usually is, a statement of witnesses that they had examined the assessment roll and the lands and in their judgment the lands were not assessed more than their proportionate share. Conclusions of that kind being mere matters of opinion, cannot ordinarily be subjected to any test from which their value or correctness can be determined, and necessarily the fact must generally be left with the trial judge. The record in this case, however, shows that the witnesses for the petitioner did not base their opinions upon the condition

and needs respecting drainage and sewerage of the lands and lots assessed. The assessment of lots in the city, which were twenty-five by one hundred and twenty-five feet, was $6.25 on each lot, and was nearly the same on the same area of farm lands. The farm of the appellant Wisner contained eighty acres and the assessment against it was $4240, so that if it had been subdivided into twenty-five foot lots the assessment would have been a trifle less than $6 on each lot. It was high and well drained by nature and in addition had the benefit of two sewers, while the south-western part of the city was low and subject to over-flow, and buildings suffered from water in the basements and from water backing up in the existing sewers, which were inadequate. One witness for the petitioner was asked if he would say that lots which were under water at certain times of the year and suffered on account of the inadequacy of existing drainage facilities would not be benefited more than ground that was never under water, and he said that in his judgment it would not make any difference. The other witness said that he would apply the same measure of benefit, according to dimensions, where one piece was low and had no drainage facilities and another was high and well drained, both naturally and artificially. They considered that two pieces of property were benefited exactly the same by a sewer which drained one and did not drain the other. It would be a solecism to say that property which has no need or use of a sewer would be benefited by one to the same amount as another that had both need and use for it. The witnesses for the petitioner considered that the farm lands were ripe for subdivision into lots, and therefore ought to be assessed on the same basis as if they had been subdivided. There was more than one large tract of farm land, so that there would be more than a thousand lots if they were subdivided, and it would be quite remarkable if there would be a market at a place like Park Ridge for more than a thousand lots under ordinary

conditions. We cannot regard the opinions of the witnesses made without regard to existing conditions and the location and situation of various tracts and lots as a sound basis for a judgment, and must conclude that the court erred in adopting them. The evidence for the appellants was that the farm lands were not ready for subdivision and would not be for many years to come.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*