THE CITY OF BERWYN, Appellant, *vs.* CARL BERGLUND
et al. Appellees.

*Opinion filed October 26, 1912.*

1. LICENSES—*it is immaterial whether a mere license is oral or written.* A license is a mere personal and revocable privilege to do an act or a series of acts upon the land of another without possessing any interest or estate in the land, and it is not within the Statute of Frauds, whether it is oral or written.

2. SAME—*distinction between license and grant.* Whether an instrument is a license or grant depends upon the construction of the instrument as a question of law, and if it merely confers a privilege to do an act or a series of acts under the owner which without permission would be unlawful it is a license, but if it grants exclusive possession of premises against the world, including the owner, it creates an interest in land, and is no more revocable than any other grant.

3. SAME—*a grant, if valid at all, is irrevocable.* A writing is essential to the creation of a freehold interest in land, such as a perpetual easement, but if such an interest is created by a writing and the grant is valid at all it is irrevocable.

4. SAME—*right to construct and maintain a sewer is an easement.* The right to construct and maintain a sewer in a street, without limitation as to time, is a perpetual easement, which must originate in a grant and is within the Statute of Frauds.

5. MUNICIPAL CORPORATIONS—*incorporated town may, by ordinance, grant right to construct sewer.* An incorporated town has power to grant to a city the right to construct and maintain an outlet sewer in a street of such town; and such grant may be made by ordinance, which is the statutory method provided by statute for the exercise of corporate powers by the president and board of trustees. (*City of Chicago* v. *Green,* 238 Ill. 258, distinguished.)

6. SAME—*when ordinance giving right to construct sewer is not a mere license.* An ordinance by which an incorporated town gives to a city permission and authority to construct, operate, control and maintain a sewer in a certain street, with the right and authority to enter upon any portion of the land and street for the purpose of inspecting, cleaning and repairing the sewer, is not a mere license, but is a grant of the present existing right and title in the land required for the sewer.

7. SAME—*possibility of reverter in case of vacation of street is not an estate.* The possibility of reverter in case a street shall be vacated is not an estate having a present existence, and does not constitute such an outstanding interest as must be acquired before the city can be said to have complied with the statute requiring it to acquire the necessary land for a sewer before levying a special assessment.

8. SAME—*municipal corporations have power to construct outlet sewers beyond their limits.* The corporate authorities of cities, villages and towns are authorized by statute to construct and maintain outlet sewers beyond their limits, and this power, in cities within the territorial limits of the Sanitary District of Chicago, is not vested in such district.

APPEAL from the County Court of Cook county; the Hon. JOHN E. OWENS, Judge, presiding.

ARTHUR R. WOLFE, for appellant.

GIDEON S. THOMPSON, and MASON BROS., for appellees.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The county court of Cook county sustained legal objections interposed by Carl Berglund and other property owners, appellees, to the petition of the city of Berwyn, appellant, for the confirmation of a special assessment levied for the cost of a sewer, and dismissed the petition. The case comes to this court on appeal from that judgment.

The objections presented to the county court which are relied upon as justifying the judgment are, first, that the city had not acquired and was not in possession of the land necessary for the proposed improvement; and second, that the power to construct an outlet sewer beyond the limits of the city of Berwyn is vested by law in the Chicago Sanitary District.

The contemplated sewer was to extend beyond the limits of the city of Berwyn by way of West Thirty-ninth

street, in the town of Cicero, to its outlet in the sewer in Central avenue, in said town. An ordinance was passed by the president and board of trustees of the town of Cicero granting to the city of Berwyn permission and authority to construct, operate, control and maintain the sewer in West Thirty-ninth street, with the right and authority to enter upon any portion of the land and street for the purpose of inspection, cleaning and repairing the same, and it was stipulated on the hearing that this was the only express consent given to construct and maintain the sewer in the street. Counsel says that the county court adopted the view that the ordinance was a mere revocable license and not a grant of any right or easement in the street, and therefore the city had not acquired the land necessary for the proposed improvement. A license is a mere personal and revocable privilege to do an act or a series of acts upon the land of another without possessing any interest or estate in the land, and it is not within the Statute of Frauds. Such a privilege may be given orally. It is therefore immaterial whether it is oral or written, and if the ordinance was a mere license and not a grant of any interest in the street the conclusion of the county court was right; but if the ordinance was by its terms a grant of a permanent interest in the street to be used and occupied for the construction, maintenance and repair of the sewer, it could not be considered as a mere license, revocable by the town of Cicero at the pleasure of its president and board of trustees. The right to construct and maintain a sewer in a street without limitation as to time is a perpetual easement, which must originate in a grant, and is within the Statute of Frauds. Whether an instrument is a license or grant depends upon the construction of the instrument as a question of law. If it merely confers a privilege to do an act or a series of acts under the owner which without permission would be unlawful, it is a license, but if it grants exclusive possession of premises against the world,

including the owner, it is not a license but creates an es-
tate or interest in the land, and is no more revocable than
any other grant.   A writing is essential to the creation of
a freehold interest in land, such as a perpetual easement,
but if such an interest is created by a writing and the grant
is valid at all it is irrevocable.

That the town of Cicero had power to grant a right
to lay and maintain the sewer in West Thirty-ninth street
cannot be doubted.   The town was invested with the con-
trol of the street, and authorized to make, or permit to be
made, any use of it not inconsistent with the purpose for
which it was dedicated.   It had power to cause or permit
drains and sewers to be laid in it.   In *Village of Hyde
Park* v. *Borden,* 94 Ill. 26, the South Park Commissioners
granted, by resolution, permission to the village of Hyde
Park to construct a sewer across Drexel and Grand boule-
vards.   The nature of the right acquired by the resolution
was not involved in the case nor considered, but the power
of the South Park Commissioners to make such a grant
was involved and the authority sustained.   In *Cochran* v.
*Village of Park Ridge,* 138 Ill. 295, it was held that the
highway commissioners might consent to the laying of a
sewer in the highway by virtue of the statute conferring
upon such commissioners the care and superintendence of
all highways in their respective towns.   These cases were
decided before the enactment of the provision that the city
must acquire the necessary land before levying a special
assessment, but they decided that there was power to grant
the right to lay a sewer in a street or highway.   In *City
of Park Ridge* v. *Wisner,* 253 Ill. 434, the highway com-
missioners had executed an agreement permitting the con-
struction, maintenance and repair of a second sewer in the
same highway above mentioned, and it was held that this
gave to the city the right to lay the sewer, so far as the
public had any right or estate in the land occupied by the
highway.   The judgment in that case was reversed because

the city had only acquired the right of the public, which is a mere easement in the land, and had not acquired any right as against the owners of the fee. The grant by the town of Cicero was within the power conferred upon the town and by the method provided by the statute for the exercise of the power. The grant was by ordinance, through which the president and board of trustees exercised the corporate powers, and if a similar grant, valid in other respects, had been made to some company or corporation for a legitimate use of the street, it would not, perhaps, occur to anyone that the grant was invalid because in the form of an ordinance. It gave the exclusive right to the sewer to the city as its own property, with the right to enter upon any portion of the land and street for the purpose of the sewer, and it was not a mere permission to do an act or series of acts in the street without any right, interest or estate in the land.

The case of *City of Chicago* v. *Green,* 238 Ill. 258, is regarded by counsel for appellees as sustaining the conclusion of the county court. In that case the canal commissioners adopted a resolution granting the application of the city of Chicago for permission to lay a sewer in Kedzie avenue across the right of way and under the bottom of the Illinois and Michigan canal by means of a siphon, on certain conditions as to the manner of construction. The position of counsel for appellant that the canal commissioners had no authority to grant such a right was not sustained, but the resolution was regarded as a mere license, revocable by the commissioners at any time. There appears to have been no method prescribed by law by which grants of the canal commissioners could be made other than by the execution of a lease or deed. The only objection sustained in that case was on the ground that the resolution was not a grant of a perpetual easement in the land to construct and maintain the sewer but only amounted to a license. If the canal commissioners could only exer-

cise their power by executing a conveyance, the same can not be said of the town of Cicero, which can make a grant by ordinance.

It is urged, however, that at some time in the future West Thirty-ninth street may be vacated and that upon such vacation the title will revert to the dedicator or his heirs, and therefore there is an outstanding interest in the street which has not been acquired by the city. The fee of the street is now in the city, which has power to grant a perpetual easement in it, and we are not to be understood as holding that a vacation of the street would destroy the easement and give title to the sewer to the dedicator or his heirs. But aside from that question, the possibility of reverter in case of vacation is not an estate, and having no present existence would not be the subject of a conveyance. The city has acquired all the present existing right and title in the land required for the sewer.

The second proposition of counsel is, that the power to construct the sewer beyond the limits of the city of Berwyn is vested by law in the Chicago Sanitary District, and therefore the city cannot extend the sewer beyond its territorial limits. This court has declared the law to be otherwise in *City of Chicago* v. *Green, supra,* and previous cases. The corporate authorities of cities, villages and towns are authorized by statute to construct and maintain outlet sewers beyond their limits, and if the benefits which counsel say were intended to be conferred by the sanitary district have not been realized, the appeal must be to the General Assembly and not to the courts.

The judgment is reversed and the cause is remanded to the county court, with directions to overrule the legal objections.          *Reversed and remanded, with directions.*