FOURTH DISTRICT—MARCH, 1924.       175

Tri-Pond Drain. Dist. v. Frog Pond Drain. Dist., 245 Ill. App. 175.

# Tri-Pond Drainage District, Appellee, v. Frog Pond Drainage District, Appellant.*

1. CONTRACTS—*construction of instrument most strongly against party drafting same.* A drainage district's claim that a written statement prepared by it as a receipt for its share of constructing with another a common ditch was also its release from future maintenance thereof compels the court to construe any uncertain language in the statement most strongly against said defense to the second district's suit for the defendant's share of maintenance costs.

2. FRAUDS, STATUTE OF—*enforceability of parol agreement in nature of perpetual easement.* Under Cahill's St. ch. 59, ¶ 1, denying action on any parol contract not to be performed within a year, a parol agreement by one drainage district to maintain a common ditch without expense to another is, being in the nature of a perpetual easement, invalid and no defense to the former's suit for the latter's share of maintenance expense.

3. EASEMENTS—*validity of parol agreement by drainage district to maintain common ditch without expense to another district.* An agreement by a drainage district perpetually to maintain a drainage ditch used in common with another district is in the nature of a grant of a perpetual easement, and hence, invalid if made by parol.

4. DRAINAGE—*invalidity of settlement agreement covering construction cost of drainage ditch not approved by county court.* A written statement by two drainage districts in settlement of construction costs of a common ditch, offered by one as a release from sharing in its maintenance with another district, but not approved by the county court as required by Cahill's St. ch. 42, ¶ 99, is invalid and no defense to the latter's suit for the former's share of such maintenance.

5. DRAINAGE—*when district not exempt from liability for maintenance of common ditch.* Under Cahill's St. ch. 42, ¶ 89, providing one drainage district must pay another for its share of maintaining a common ditch, one district's claim that a written statement with another exempts it from sharing in maintenance of a common ditch is contrary thereto and no defense to the other district's suit to collect such share.

Appeal by defendant from the Circuit Court of Crawford County; the Hon. JULIUS C. KERN, Judge, presiding. Heard in this court at the October term, 1923. Affirmed. Opinion filed March 10, 1924.

* Received from clerk of Appellate Court, August 8, 1927.

Bradbury, Gaines & Bradbury and Wesner & Wesner, for appellant.

Jones & Lowe, for appellee.

Mr. Presiding Justice Barry delivered the opinion of the court.

Both districts were organized under the Levee Act, Cahill's St. ch. 24, ¶ 1160 *et seq.* The territory of appellee is immediately east of and adjoins that of appellant. The boundary line between them is the east line of the public highway running north from Palestine. At the northern limits of the village the said highway crosses Sugar Creek on an iron bridge about 80 feet in length and 15 or 20 feet high. Sugar Creek flows in an easterly direction and has a well defined channel for a distance of about 200 rods east of the bridge aforesaid at which point the waters spread over the lowland and make their way to Lamotte Creek and thence into the Wabash River. Appellee was organized in 1910 and its commissioners proceeded to locate its drains. They found it would be proper to run lateral No. 1 from the outlet of Sugar Creek to a point in the creek about 200 rods east of the said iron bridge. They also found that the channel of the creek from that point to the bridge was sufficient without widening or deepening it and let a contract for that lateral in 1911.

About that time appellant was organized and its commissioners found that its most feasible outlet was through Sugar Creek and appellee's lateral No. 1. They found that if they widened and deepened Sugar Creek west of the east line of the public highway it would be necessary to remove and rebuild the iron bridge at a great expense. They then agreed with appellee that if it would extend its lateral No. 1 to the east line of said highway and widen and deepen the channel of Sugar Creek up to that point they would

pay appellee a just proportion of the entire cost and expense of the additional work incident thereto.   As it could not then be determined just what that proportion would be it was agreed that appellee should go ahead and do the work and if they could not agree when the work was completed they would submit the matter to John C. Maxwell, judge of the county court, and abide by his decision as to what would be reasonable and proper.   The work was done and the parties being unable to agree the question was submitted to Judge Maxwell, who found that appellant should pay $1,617.95 as its reasonable share of the expense. Thereupon one of appellant's commissioners caused an instrument to be prepared and upon payment of the money appellee's commissioners, at his request, signed the said instrument, which is as follows:

"Palestine, Ill., July 15th, 1914.

"In the Matter of the Tri-Pond
        Drainage District
                    v.
Frog Pond Drainage District.

"Received of Frog Pond Drainage District the sum of Sixteen Hundred Seventeen and 95-100 Dollars ($1617.95), the same being the amount found to be due Tri-Pond Drainage District by the County Judge of Crawford County, Illinois, on account of the expense of enlarging ditch for outlet for Frog Pond Drainage District, the enlargement of said outlet being made necessary by Tri-Pond Drainage District on account of Frog Pond Drainage District emptying into said ditch in Tri-Pond Drainage District, said ditch having been cut through the Horning land west to the bridge across the creek just north of the corporate line of Palestine, Illinois.

"The said amount being awarded to said Tri-Pond Drainage District in full settlement for the right to empty into said ditch and of all claims of every kind and character that said Tri-Pond Drainage District

now has or may have on account of Frog Pond Drainage District emptying into said ditch.

> "W. J. Fitzpatrick
> Moses Plunkett
> C. J. Norton
> Drainage Commissioners of
> Tri-Pond Drainage District of
> Crawford County, Illinois."

In 1922 it became necessary to redredge said lateral No. 1 and the commissioners of both districts entered into a written contract for that purpose, each district to pay one-half of the expense. The contract was subject to the approval of the county court but the court refused to approve it. Appellant then refused to pay any part of the necessary expense on the ground that it had paid appellee for a perpetual outlet as evidenced by the instrument above set out.

Appellee then filed its bill, the gist of which is that it never, at any time, agreed to furnish and perpetually maintain for appellant an outlet through said lateral No. 1; that appellant never paid appellee for the perpetual maintenance of such an outlet, but simply paid its just proportion of the original expense; that no consideration was paid therefor and that appellee was without power or authority to make such a contract without the approval of the county court; and that the last clause in said instrument was inserted therein through fraud, accident or mistake. Appellee prayed that the said instrument be reformed by striking out said clause. Issues were joined and the cause heard by the chancellor in open court and a decree rendered in accordance with the prayer of the bill.

After a careful consideration of this case it is our opinion that appellee produced evidence that is clear and convincing that it never agreed to perpetually maintain an outlet for appellant and that it never received any consideration for such an agreement. We do not see how the written instrument can be con-

strued as such a contract. It contains no such promise. It was prepared by appellant and if the language is uncertain and the intention obscure and open to construction, it should be construed most strongly against appellant. *Rankin v. Rankin*, 216 Ill. 132–138. If appellant were attempting to compel appellee to repair or redredge the outlet at the expense of the latter, it is quite apparent that the court would be unable to find any language in the instrument that would support the claim.

If such a contract were made in 1911, it would be a parol contract and obnoxious to the statute of frauds. *Radomski v. E. R. Stege Brewery*, 258 Ill. 325. It would be in the nature of a perpetual easement and invalid because not in writing. *City of Berwyn v. Berglund*, 255 Ill. 498. In 1911 when the parol agreement was made whereby appellant agreed to pay its proportion of the actual cost of the additional work, the statute (J. & A.) pars. 4432, 4433, provided a method of having the lands in appellant's district assessed in favor of appellee therefore in case the parties could not agree as to the amount that should be paid. That law was repealed in 1913 and the Act of June 28, 1913, substituted. Cahill's St. ch. 42, ¶ 88 *et seq.* Under the Law of 1913 the parties may agree but before the agreement has any force or effect it must be submitted to and approved by the county court. If they cannot agree the statute provides a method for collecting the same. Such a contract as is claimed by appellant, if entered into at the date of the written instrument, could be valid only when approved by the county court. Cahill's St. ch. 42, ¶ 53, provides that when appellee located its ditch of sufficient capacity to carry off the waters that flowed into it, and also to properly drain the land taxed for construction of the same, such land should not be again taxed or assessed for the purpose of improving any lands of any drainage district lying above the lands so drained and as-

sessed. Under Ill. St. (J. & A.) pars. 4432 and 4433 and Cahill's St. ch. 42, ¶ 88 *et seq.*, the landowners in appellant's district have been liable, at all times, for a reasonable proportion of the necessary expense of keeping the outlet in proper condition. To give effect to the alleged agreement as claimed by appellant would be to relieve its landowners from a burden imposed by the statute and to place the same upon the landowners in appellee's district, thereby making them pay for the improving of the lands in another district in violation of the express provision of the statute. If such an agreement were made it would be illegal and void as being in contravention of the statute. *Commissioners of Lake Fork Special Drain. Dist. v. People ex rel. Bodman,* 138 Ill. 87; *Kickapoo Drain. Dist. v. City of Mattoon,* 284 Ill. 393.

Under the law and the evidence, the decree could not be otherwise than in favor of appellee and the same is affirmed.

*Affirmed.*